IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| TANIKA PARKER, *et al.*, individually and on behalf of all others similar situated, the DRIV 401(K) RETIREMENT SAVINGS PLAN, and the TENNECO 401(K) INVESTMENT PLAN, <br><br> *Plaintiffs*, <br><br> v. <br><br> TENNECO INC., *et al.*, <br><br> *Defendants* | Case No. 2:23-cv-10816 <br><br> HON. GEORGE CARAM STEEH <br> District Judge <br><br> HON. KIMBERLY G. ALTMAN <br> Magistrate Judge |

# **PLAINTIFFS' SUR-REPLY**

In their Reply Brief, Defendants cite to an Administrative Committee Charter ("Charter") to support their argument that the Administrative Committee ("Committee") had authority to amend the relevant Plans. *See* ECF No. 16, PageID.383. This new evidence clearly and unmistakably supports Plaintiffs' argument that the Committee's attempt to amend the Plans to add the Arbitration Procedure exceeded its authority.

The Charter explains that the Administrative Committee "shall act as a fiduciary under the Company's Plans and ***in certain cases***, ***as described herein***, shall also have the authority to act as the plan sponsor." ECF No. 16-1, PageID.400 (emphasis added). With regard to this plan sponsor authority, the Charter includes a general statement that says: "The Administrative Committee shall also exercise plan sponsor authority with respect to employee benefit plans sponsored by the Company or its affiliates primarily for the benefit of U.S. employees …." *Id*. at PageID.403-404. That statement is immediately followed by a more-specific provision that describes, and expressly limits, the Committee's plan sponsor authority in the case of Plan amendments: "The Administrative Committee shall have the authority to make amendments to the Plans that are technical in nature or necessary in the ordinary course of the administration of the Plans." *Id*. at PageID.404.

A primary rule of document interpretation is that "specific terms and exact terms are given greater weight than general language." *Royal Ins. Co. of Am. v.*

*Orient Overseas Container Line Ltd.*, 525 F.3d 409, 420 (6th Cir. 2008) (internal citation omitted). Further, the "whole document" rule provides that documents should be interpreted in a way that renders the entire document valid and in harmony, as opposed to rendering any portion of it superfluous or in conflict with other provisions. *Joy Tabernacle-The New Testament Church v. State Farm Fire & Cas. Co.*, 616 F. App'x 802, 808 (6th Cir. 2015). Here, the specific provision describing and limiting the Committee's "authority to make amendments to the Plans that are technical in nature or necessary in the ordinary course of the administration of the Plans" would create an internal conflict, or be rendered superfluous, if it did not take priority over the more-general provision that the Committee may, in certain cases, but only to the extent described, exercise plan sponsor authority.

In fact, the Tenneco Board and Administrative Committee recognized, at the time the Plans were amended, that the more-specific provision that describes plan sponsor authority in the case of Plan amendments controls. The Plan Amendments expressly say, in their recitation of the delegated authority under which they were enacted, that the Committee was acting pursuant to the Tenneco Board's "authoriz[ation to] the Administrative Committee to adopt amendments to the employee benefits plans maintained by the subsidiaries of Tenneco Inc. that are technical in nature or necessary in the ordinary course of the administration of the Plan …." DRiV Amend. 2021-1, ECF No. 9-1, PageID.237; Tenneco Amend. 2021-

1, ECF No. 9-1, PageID.329.[1]

The Court should deny Defendants' Motion to Compel Individual Arbitration for this reason (as well as for the separate and independent reason that the Representative Action Waiver in the Arbitration Procedure in invalid and unenforceable because it interferes with ERISA rights).

Dated: July 24, 2023

Respectfully submitted by,

**FOULSTON SIEFKIN LLP**

/s/Boyd A. Byers
Boyd A. Byers, KS #16253
1551 N. Waterfront Pkwy, Ste. 100
Wichita, KS 67206
Telephone: (316) 291-9716
Fax: (316) 267-6345
bbyers@foulston.com

Scott C. Nehrbass, KS #16285
7500 College Blvd., Ste. 1400
Overland Park, KS 66210
Telephone: (913) 489-2100
Fax: (913) 498-2101
snehrbass@foulston.com

---

[1] Defendants do not dispute that the amendments adding the Arbitration Procedure to the Plans were neither "technical in nature" nor "necessary in the ordinary course of the administration of the Plans."

        **THE MILLER LAW FIRM, P.C.**
E. Powell Miller (P39487)
Sharon S. Almonrode (P33938)
Mitchell J. Kendrick (P83705)
950 W. University Dr., Ste. 300
Rochester, MI 48307
Tel: (248) 841-2200
epm@millerlawpc.com
ssa@millerlawpc.com
mjk@millerlawpc.com

*Counsel for Plaintiffs and the Putative Class*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 24, 2023, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all of the parties of record.

        By:   */s/Boyd A. Byers*
               Boyd A. Byers, KS #16253