# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| **TANIKA PARKER, et al.,** | § | |
| | § | |
| *Plaintiffs*, | § | Civil Action No. 2:23-cv-10816 |
| | § | |
| **v.** | § | **HON. GEORGE CARAM STEEH** |
| | § | **District Judge** |
| **TENNECO INC., et al.,** | § | |
| | § | **HON. KIMBERLY G. ALTMAN** |
| *Defendants*. | § | **Magistrate Judge** |
| | § | |
| | § | |

### DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY REGARDING DEFENDANTS' MOTION TO COMPEL INDIVIDUAL ARBITRATION AND ALTERNATIVE MOTION TO DISMISS

Plaintiffs have filed a Notice of Supplemental Authority [ECF No. 19] ("Notice") advising the Court of an out-of-circuit court decision that allegedly supports their previously made argument that the Plan's Arbitration Procedure is void as a prospective waiver of ERISA statutory rights and remedies due to its inclusion of a Class Action Waiver. This out-of-circuit decision - which contains a *materially* different class action waiver than the one at issue here - deviates substantially from well-established law and should not impact the Court's ruling on Defendants' Motion to Compel Individual Arbitration and Alternative Motion to Dismiss [ECF No. 9] (hereinafter "Motion").

In their Notice of Supplemental Authority, Plaintiffs assert that the Third Circuit Court of Appeal's decision in *Henry v. Wilmington Trust NA*, __ F.4th __, 2023 WL 4281813 (3d Cir. June 30, 2023), supports their argument that the Plan's Arbitration Provision is void as a prospective waiver of ERISA statutory rights and remedies because its Class Action Waiver precludes Plaintiffs from representing the interests of **absent** Plan participants and seeking relief on behalf of **their** Plan accounts.

Plaintiffs' reliance on the *Henry* decision is misplaced as it (1) discusses a class action waiver that is materially different from the Class Action Waiver at issue here; (2) fails to address the Supreme Court decisions in *Viking River Cruises, Inc. v. Moriana*, 142 S. Ct. 1906 (2022), which discusses the impact of a class action waiver on various types of representational claims, and *Thole v. U.S. Bank N.A.*, 140 S. Ct. 1615 (2020), which rejected the plaintiffs' argument that they did not need to show individual injury for purposes of standing because under ERISA § 502(a)(2) they are bringing suit as "representatives of the plan itself"; and (3) misapplies the "effective vindication" doctrine.

In *Henry*, the Third Circuit concluded that ERISA § 409, when coupled with its interpretation of *LaRue*, provides a plan participant with the ERISA-conferred substantive (as opposed to procedural) right to a pursue plan-wide remedy. *See* 2023 WL 4281813 at *4.  Based on this premise, the Third Circuit concluded that the

class action waiver contained in the plan's arbitration provision foreclosed the plaintiff from vindicating the statutory causes of action listed in his complaint, including an order providing "appropriate equitable relief on behalf of the plan and [all of] its participants and beneficiaries." *Id.* at \*5. *Henry* relied upon two recent Circuit Court of Appeals decisions, *Smith v. Bd. of Dirs. Of Triad Mfg., Inc.*, 13 F.4th 613 (7th Cir. 2021), and *Harrison v. Envision Mgmt. Holding, Inc.*, 59 F.4th 1090 (10th Cir. 2023), to support its analysis. *Id.* at \*\*4-5, & n.9. Plaintiffs also relied on the *Smith* and *Harrison* decisions to support their opposition to Defendants' Motion. (*See* ECF No. 15 at pp. 15-16 & n.8).

In stark contrast to the class action waiver at issue in *Henry* (and those at issue in *Smith* and *Harrison)*, the Class Action Waiver at issue here does **not** bar injunctive relief that would have a plan-wide impact: "Notwithstanding the foregoing, nothing in this provision shall be construed to preclude a Claimant from seeking injunctive relief, including, for example, seeking an injunction to remove or replace a Plan fiduciary." (*See* ECF No. 9-1, Decl. of Lou, Ex. 1, Plan at § 13.13(b)). Given the material differences between the class action waiver at issue in *Henry* and in this case, *Henry* does not support Plaintiffs' opposition to Defendants' Motion.

*Henry* should be disregarded for the separate reason that it fails to address the Supreme Court's decisions in *Viking River*, which discusses the impact of a

class action waiver on various types of representational claims, and *Thole*, which rejected the plaintiffs' argument that they did not need to show individual injury for purposes of standing because, under ERISA § 502(a)(2), they are bringing suit as "representatives of the plan itself."

In *Viking River*, the Supreme Court considered whether an arbitration provision requiring individual arbitration of claims under the California Private Attorneys General Act ("PAGA") was enforceable.   The provision at issue prohibited bringing in arbitration "any dispute as a class, collective, or representative PAGA action."  142 S. Ct. at 1916.  Interpreting PAGA, the Court observed that there were two ways in which a PAGA claim was considered "representative"—(1) when "the employee plaintiff sues as an 'agent or proxy' of the State," and  (2) when the plaintiff's claims "are predicated on code violations sustained by other employees" (which the Court described as a form of "claim joinder").  *See id*. at 1914, 1916.  The Court held that the arbitration provision— specifically, its prohibition on bringing a "representative" PAGA claim in arbitration—was unenforceable with respect to the first form of PAGA claim, but the provision ***was enforceable*** with respect to the second, "claim joinder", form of PAGA claim.  *See id*. at 1922-1924.

Any attempt to analogize a claim under ERISA § 502(a)(2) to the first form of "representative" PAGA action, by arguing that an individual participant is suing

4

as an "agent or proxy" of his or her benefit plan, necessarily fails because an ERISA § 502(a)(2) claim is not one in which "a single agent litigates on behalf of a single principal." *See* 142 S. Ct. at 1922. *Viking River* supports Defendants' view of a participant's rights under ERISA § 502(a)(2), because ERISA § 502(a)(2) claims should be analogized to the second form of "representative" action under PAGA— *i.e.*, as a form of "claim joinder" that would "allow a party to unite multiple claims against an opposing party in a single action." 142 S. Ct. at 1915.

The Supreme Court's decision in *Thole v. U.S. Bank N.A.,* 140 S. Ct. 1615 (2020), which the *Henry* case also fails to discuss, makes this clear. At issue in *Thole* was whether two participants in an ERISA defined benefit pension plan had Article III standing to bring a suit under ERISA § 502(a)(2) for alleged breach of fiduciary duty. Among other things, the plaintiffs argued they did not need to show individual injury for purposes of Article III standing because under Section 502(a)(2) they are bringing suit as "representatives of the plan itself" (like Plaintiffs suggest they may do here). *Thole*, 140 S. Ct. at 1620. The Court rejected the plaintiffs' argument, explaining that "in order to claim 'the interests of others, the litigants themselves still must have suffered an injury in fact, thus giving' them 'a sufficiently concrete interest in the outcome of the issue in dispute,'" and "[t]he plaintiffs themselves do not have a concrete stake in this suit." *Id.* Plaintiffs' reliance on *Henry* to argue that they have an unfettered statutory right to sue on

behalf of the entire Plan under ERISA § 502(a)(2) for monetary benefits on behalf of **absent** Plan participants accounts cannot coexist with *Thole*.  If Plaintiffs were properly deemed to be suing as the "agent or proxy" of the Plan under ERISA § 502(a)(2), then the Supreme Court in *Thole* would have held that the *Thole* plaintiffs did **not** need to establish their own injury for purposes of Article III standing and injury to their plan would "suffice[]."  But the Supreme Court reached the **opposite** conclusion in *Thole*.  In doing so, the Court held that the plaintiffs were required to demonstrate their own injury for Article III standing, because a participant's claim under Section 502(a)(2) is **not** similar to an "agency or proxy" type of "representative" action.

Finally, *Henry* (and the cases it cites in support of its analysis) should be disregarded because it misapplied the effective vindication doctrine to strike down a class action waiver that prevented participants from representing **absent** plan participants and seeking relief on behalf of **absent** plan participants' plan accounts based on an (incorrect) finding that ERISA §§ 502(a)(2) and 409(a) provides participants with a statutory right to do so.

The "effective vindication" doctrine is a judge-made doctrine that the Supreme Court has recognized but never applied.  It provides that an arbitration provision may be unenforceable if it would prevent a party from pursuing **substantive** statutory rights. *See American Exp.*, 570 U.S. at 236.  The language of

ERISA §§ 502(a)(2) and 409(a), however, do not bestow a substantive, unwaivable right for individual participants to seek remedies on behalf of an entire plan or all of its plan participants.   Section 502(a)(2) provides that a civil action may be brought by an individual participant "for appropriate relief" under § 409. Section 409(a) describes consequences to a breaching fiduciary—*i.e.*, they "shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary."  Nowhere do these Sections provide that one participant has a right to sue for "any losses" to a plan or "any profits" of a breaching fiduciary.[1]  More importantly, these Sections do not provide that such a right, even if it existed, could not be waived by a plan provision requiring individual arbitration of ERISA § 502(a)(2) claims.

---

[1] This is not surprising given that the Supreme Court has made clear that a participant in a defined contribution plan has an ERISA-recognized interest in his or her own individual plan account under ERISA § 502(a)(2) - **not** in the accounts of all of participants in the "entire plan." *LaRue v. DeWolff, Boberg & Associates, Inc.*, 552 U.S. 248, 256 (2008).  *Smith* is consistent on this point.  *See* 13 F.4th at 622 (holding that, under *LaRue*, ERISA § 502(a)(2) "authorizes recovery for fiduciary breaches that impair the value of plan assets in a participant's individual account").

Moreover, *Henry* failed to reconcile its application of the effective vindication doctrine with decisions, including those issued out of the Sixth Circuit, finding that plan participants cannot pursue claims for monetary relief on behalf of the plan's absent participants without first satisfying some procedural requirement, like Rule 23, to protect the interests of the absent plan participants. *See, e.g., Sprague v. Gen. Motors Corp.,* 133 F.3d 388, 397–399 (6th Cir. 1998) (plaintiffs, who asserted ERISA § 502(a)(a) breach of fiduciary duty claims and who sought relief under ERISA § 409(a), were not allowed to represent absent plan participants due to failure to comply with Rule 23); *Langbecker v. Elec. Data Sys. Corp.*, 476 F.3d 299, 318 (5th Cir. 2007) (vacating class certification order of ERISA § 502(a)(2) claims on behalf of the plan due to participant's inability to satisfy the requirements of Rule 23); *Coan v. Kaufman*, 457 F.3d 250, 259 (2d Cir. 2006) (finding ERISA claim failed because an action could not "be brought in a 'representative capacity on behalf of the plan' if the plaintiff does not take any steps to become a bona fide representative of other interested parties"); *Graddy v. Blue Cross BlueShield of Tenn., Inc.,* No. 4:09-CV-84, 2010 WL 670081, at *8-10 (E.D. Tenn. Feb. 19, 2010) (plaintiff-participant precluded from representing absent plan participants in case alleging an improper denial of benefits and breach of ERISA fiduciary duties due to failure to satisfy Rule 23); *American Ex.*, 570 U.S. at 234 ("One might respond, perhaps, that federal law secures a nonwaivable *opportunity*

8

to vindicate federal policies by satisfying the procedural strictures of Rule 23 or invoking some other informal class mechanism in arbitration.  But we have already rejected that proposition in *AT&T Mobility*." (internal citation omitted)).[2]

*Henry's* failure to acknowledge this precedent is significant because it makes clear that the right of a participant to seek monetary relief on behalf of an entire plan, including absent plan participants and absent plan participants' accounts, is predicated on satisfying procedural requirements.  Given that a participant's right to seek monetary relief on behalf of absent plan participants and their plan accounts is predicated on satisfying Rule 23 (or similar procedural requirements), it necessarily follows that the right to seek plan-wide monetary relief on behalf of absent plan participants and/or their plan accounts **cannot** be a substantive right provided by ERISA.  If it were, no additional procedural requirements would be necessary in order for a plan participant to represent the

---

[2]      *See also Fish v. Greatbanc Tr. Co*., 667 F. Supp. 2d 949, 951 (N.D. Ill. 2009) ("to permit the action to go forward without the type of protections provided by [Rule 23 or Rule 23.1] or their equivalent would be overly myopic"); *Wagner v. Stiefel Labs., Inc.*, No. 1:12-CV-3234-MHC, 2015 WL 4557686, at *12 (N.D. Ga. June 18, 2015) (concluding that individual plaintiffs lacked standing to pursue claim on behalf of the plan for absent plan participants because plaintiffs "have done nothing to notify or otherwise involve other Plan participants"); *George v. Kraft Foods Glob., Inc.*, 2011 WL 5118815, at *11 (N.D. Ill. Oct. 25, 2011) ("courts have held that plaintiffs seeking to bring direct actions under Section 502(a)(2) must meet the requirements of Rule 23 or otherwise provide procedural protections for interested parties"); *Oren-Bousquet v. LaSalle Bank, N.A.*, No. SA-07-CA-802-H, 2009 WL 10699636, at *1 (W.D. Tex. Feb. 2, 2009) (refusing to allow plaintiff to proceed on behalf of absent plan participants due to failure to satisfy Rule 23).

interests of absent plan participants or their plan accounts.  By holding otherwise, *Henry* misapplied the effective vindication doctrine.

Given that the Plan's Class Action Waiver allows Plaintiffs to pursue and obtain monetary relief on behalf of their individual Plan accounts and Plan-wide injunctive relief, Plaintiffs are entitled to the same remedies in arbitration as they would be entitled to in an individual federal court action.  As such, the effective vindication doctrine is inapplicable and the Class Action Waiver should be enforced.

Dated: August 7, 2023                           Respectfully submitted,

/s/Todd D. Wozniak
Todd D. Wozniak
Georgia Bar No. 777275
**HOLLAND & KNIGHT, LLP**
Regions Plaza
1180   West   Peachtree   Street   NW
Atlanta, Georgia 30309
Telephone: (404) 817-8500
Facsimile: (404) 881-0470
Email: todd.wozniak@hklaw.com

Lindsey R. Camp
**HOLLAND & KNIGHT LLP**
777 South Flagler Drive, Suite 1900
West Palm Beach, FL 33401
Tel:   (404) 817-8439
Email: lindsey.camp@hklaw.com

*Counsel for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on August 7, 2023, I caused I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and for service to those registered with the CM/ECF System, including Plaintiffs' counsel.

/s/Todd D. Wozniak
Todd D. Wozniak
