# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

Tanika Parker, et al.,

|  |  |
|---|---|
| Plaintiffs, | Case No. 23-cv-10816 |
| v. | Judith E. Levy<br>United States District Judge |
| Tenneco Inc., et al., |  |
|  | Mag. Judge Kimberly G. Altman |
| Defendants. |  |

_____/

**OPINION AND ORDER DENYING DEFENDANTS' MOTION TO STAY PENDING ORDER ON PETITION FOR WRIT OF CERTIORARI [30] AND DENYING DEFENDANTS' MOTION TO STAY DISCOVERY PENDING A RULING ON DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT [42]**

Before the Court are Defendants' Motion to Stay Pending Order on Petition for Writ of Certiorari ("First Motion to Stay"), (ECF No. 30), and Defendants' Motion to Stay Discovery Pending a Ruling on Defendants' Motion to Dismiss Plaintiffs' Amended Complaint ("Second Motion to Stay"). (ECF No. 42.) For the reasons set forth below, both motions are denied.

## I.     Background

On behalf of the DRiV 401(k) Retirement Savings Plan (the "DRiV Plan") and the Tenneco 401(k) Investment Plan (the "Tenneco Plan") (collectively "the Plans"), themselves, and all others similarly situated, Plaintiffs brought a proposed class action against Tenneco Inc., DRiV Automotive, Inc., Tenneco Automotive Operating Company Inc., Federal-Mogul Corporation, Federal-Mogul LLC, Federal-Mogul Powertrain LLC, the Tenneco Benefits Committee, and Tenneco Benefits & Pension Investment Committee, as well as unnamed individuals, (collectively, "Defendants") under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). (ECF No. 2.) Defendants moved to compel individual arbitration, (ECF No. 9), which was fully briefed, (ECF Nos. 15, 16, 20) and ultimately denied. (ECF No. 22.) Defendants filed an interlocutory appeal, and the Court stayed the case proceeding during the pendency of the appeal. (ECF No. 25). The Sixth Circuit affirmed the denial of Defendants' motion to compel individual arbitration. *Parker v. Tenneco, Inc.*, 114 F.4th 786 (6th Cir. 2024). The case was reassigned to the undersigned on September 16, 2024, (ECF No. 29), and the Court lifted the stay on October 10, 2024.

Defendants then filed the First Motion to Stay. (ECF No. 30.) After filing a motion to dismiss Plaintiff's amended complaint, (ECF No. 41), they filed the Second Motion to Stay. (ECF No. 42.) On November 15, 2024, Defendants filed a petition for a writ of certiorari with the United States Supreme Court. (ECF No. 48.)

## II.   First Motion to Stay

On October 17, 2024, Defendants filed the First Motion to Stay, seeking a stay "pending a ruling on Defendants' forthcoming petition to the United States Supreme Court for a writ of certiorari on the enforceability of the Plans' individual arbitration procedure."[1] (ECF No. 30, PageID.530.) Defendants' petition for a writ of certiorari is pending before the Supreme Court. Plaintiffs responded to oppose the First Motion to Stay. (ECF No. 43.) Defendants replied. (ECF No. 44.)

The Court has the inherent power to grant a stay. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citing

---

[1] In the alternative, Defendants asked for an extension until December 15, 2024 to file a response to Plaintiffs' Amended Complaint. (ECF No. 30, PageID.530.) Because Defendants filed a motion to dismiss the Amended Complaint on October 31, 2024, (ECF No. 41), this request for an extension is now moot. *See* Fed. R. Civ. P. 12(a)(4)(A).

*Landis*, 299 U.S. at 255). To demonstrate a stay is warranted while a petition for a writ of certiorari is pending, Defendants must show "(1) 'a reasonable probability' that [the Supreme] Court will grant certiorari, (2) 'a fair prospect' that [it] will then reverse the decision below, and (3) 'a likelihood that irreparable harm [will] result from the denial of a stay.'" *Maryland v. King*, 567 U.S. 1301, 1301 (2012) (Roberts, C.J., in chambers) (citing *Conkright v. Frommert,* 556 U.S. 1401, 1402 (2009) (Ginsburg, J., in chambers)). District courts "apply the same criteria as the Supreme Court." *United States v. Mandycz*, 321 F. Supp. 2d 862, 864 (E.D. Mich. 2004) (cleaned up). All three conditions must be met for it to be appropriate for a court to issue a stay. *See Barnes v. E-Sys., Inc. Grp. Hosp. Med. & Surgical Ins. Plan*, 501 U.S. 1301, 1301 (1991). Defendants are unable to meet their burden.

Defendants argue that the Supreme Court is likely to grant certiorari. (ECF No. 30, PageID.533.) In support of that claim, they assert that there is a circuit split about the "arbitrability of a plan participant's ERISA § 502(a)(2) claims on an individual basis." (*Id.*) Plaintiffs disagree that there is a circuit split on the relevant issues and assert that the

Supreme Court has denied certiorari twice since October 2023.[2] (ECF No. 43, PageID.632.) Plaintiffs also rightly note that grants of certiorari are exceedingly rare. *See Mandycz*, 321 F. Supp. 2d at 865.

The Supreme Court grants certiorari "only for compelling reasons," which can include conflicting decisions for United States courts of appeals "on the same important matter." Sup. Ct. R. 10. However, "even where the factors listed in Rule 10 weigh in favor of granting certiorari, this does not guarantee that the Supreme Court will hear the case." *McMillan v. Dekalb Cnty.*, No. 1:04-CV-3039, 2007 WL 9700672, at *2 (N.D. Ga. Oct. 5, 2007).

To the extent that there is a circuit split, which is unclear, courts have largely rejected Defendants' position. The Second, Third, and Tenth Circuit have done so. *Cedeno v. Sasson*, 100 F.4th 386 (2d Cir. 2024) *cert. denied sub nom. Argent Tr. Co. v. Cedeno*, No. 24-392, 2024 WL 4655015 (Nov. 4, 2024); *Henry ex rel. BSC Venture Holdings, Inc. Emp. Stock Ownership Plan v. Wilmington Tr. NA*, 72 F. 4th 499 (3d Cir. 2023) *cert. denied* 144 S. Ct. 328 (2023); *Harrison v. Envision Mgmt. Holding, Inc.*

---

[2] As set forth below, the Supreme Court in fact denied certiorari on similar issues a third time shortly after Plaintiffs filed their response.

*Bd. of Dirs.*, 59 F.4th 1090 (10th Cir. 2023) *cert. denied sub nom. Argent Tr. Co. v. Harrison*, 144 S. Ct. 280 (2023). So, too, has the Sixth Circuit here in *Parker*. In trying to demonstrate the existence of a split, Defendants point to an unpublished Ninth Circuit memorandum opinion, *Dorman v. Charles Schwab Corp.*, 780 F. App'x 510 (9th Cir. 2019), and a Seventh Circuit ruling stating that while ERISA claims may be arbitrable in general "the 'effective vindication' exception bar[red] application of the plan's arbitration provision" to the plaintiff's ERISA claims. *Smith v. Bd. of Dirs. of Triad Mfg., Inc.*, 13 F.4th 613 (7th Cir. 2021). Defendants have not shown that a circuit split exists such that the Supreme Court is likely to grant certiorari.

That may be why the Supreme Court denied three writs of certiorari on these issues even after the issuance of the Seventh and Ninth Circuit opinions cited by Defendants.[3] After the Third Circuit held

---

[3] In Defendants' reply, they also argue that the Sixth Circuit failed to apply Supreme Court precedent correctly. (ECF No. 44, PageID.643–44.) Putting to the side that these arguments were not raised in the opening brief with respect to this factor of the analysis, Defendants' arguments on this point largely amount to conclusory assertions that the Sixth Circuit wrongly displaced the Federal Arbitration Act ("FAA") with ERISA. (*See id.*) In making such assertions, they rely on cases that are not squarely about the matter in dispute: the enforceability of a waiver of this sort. That is insufficient to meet Defendants' burden of showing a reasonable likelihood that the Supreme Court will grant their petition.

that a class action waiver that required plan participants to waive their right to "statutorily authorized remedies" was unenforceable, the Supreme Court denied certiorari when presented with the opportunity to address that issue. *Henry*, 72 F. 4th at 505–08 *cert. denied* 144 S. Ct. 328 (2023). After the Tenth Circuit held that "the arbitration provisions of the Plan Document effectively prevent [the plaintiff] from vindicating many of the statutory remedies that he seeks in his complaint under ERISA § 502(a)(2)" and affirmed a district court's denial of a motion to compel arbitration, the Supreme Court denied certiorari when presented with the opportunity to address that issue. *Harrison*, 59 F.4th at 1101 *cert. denied sub nom. Argent Tr. Co. v. Harrison*, 144 S. Ct. 280 (2023). In between the filing of Plaintiffs' response on October 31, 2024, and Defendants' reply on November 6, 2024, the Supreme Court once again denied a petition for certiorari regarding these issues, which arose from *Cedeno*, 100 F.4th at 400 *cert. denied sub nom. Argent Tr. Co. v. Cedeno*, No. 24-392, 2024 WL 4655015 (Nov. 4, 2024) (applying the effective vindication doctrine to hold an arbitration agreement that waived statutory remedies provided by ERISA to be unenforceable).

Defendants insist that their petition for a writ of certiorari will fare better. Their attempts to distinguish their petition from recently rejected, similar petitions fail.

They argue that the Supreme Court's decision in *Loper Bright Enters. v. Raimondo*, 144 S. Ct. 2244 (2024), which was issued after the denials of certiorari in *Henry* and *Harrison,* but before the denial of certiorari in *Cedeno*, will make it more likely the Supreme Court rejects the "effective vindication" doctrine the Sixth Circuit's opinion relied upon. (ECF No. 44, PageID.644.) *Loper Bright* overruled the two-step framework for interpreting statutes administered by federal agencies articulated in *Chevron U.S.A. Inc. v. National Resources Defense Council, Inc.*, 467 U.S. 837 (1984). Defendants suggest that *Loper Bright* "indicates that judge-made rules are being scaled back," so the Supreme Court is likely to jettison the "effective vindication" doctrine now that *Chevron* deference has been eliminated. (ECF No. 30, PageID.535.) *Loper Bright*, however, rejected *Chevron* deference as requiring the judiciary to be overly deferential to the executive branch in violation of its "statutory duties" under the Administrative Procedure Act. 144 S. Ct. at 2272. It is not about whether "judge-made rules" are, in general, too pervasive.

8

*Loper Bright* addresses neither ERISA nor the effective vindication doctrine. Defendants' argument relies upon an overly capacious category of "judge-made rules" that lumps together *Chevron* with everything from the effective vindication doctrine—insofar as it is judge-made—to qualified immunity. *See Green v. Thomas*, No. 3:23-CV-126, 2024 WL 2269133, at *1 (S.D. Miss. May 20, 2024) ("Qualified immunity was invented by the Supreme Court in 1967."). The fact that a petition for certiorari has been denied following the issuance of *Loper Bright* in June 2024 further undermines Defendants' position. *See Cedeno v. Sasson*, 100 F.4th 386 (2d Cir. 2024) *cert. denied sub nom. Argent Tr. Co. v. Cedeno*, No. 24-392, 2024 WL 4655015 (Nov. 4, 2024).

Defendants also suggest that their petition will present the following issues for the Supreme Court's consideration for the first time: "the impact of the use of the limiting term 'appropriate' when setting forth the relief provided by ERISA § 502(a)(2); and [] whether a plan participant has an unwaivable right to seek monetary relief on behalf of absent plan participants and their individual plan accounts." (ECF No. 44, PageID.644.) It refers to these as "important issues." (*Id.*) No doubt these issues are important. Nonetheless, this vague, conclusory

statement does not meet Defendants' burden of showing why the importance of these legal issues is likely to be sufficient for the Supreme Court to grant their petition.

The Supreme Court's three prior denials of petitions of that involve related issues significantly undermine Defendants' already-weak arguments based on the existence of a circuit split. Defendants also fail to adequately distinguish their petition from those that have already been denied. Because Defendants have not demonstrated a reasonable likelihood that the Supreme Court will grant their petition, they cannot meet their burden of showing that a stay is warranted, and it is therefore unnecessary to consider the other factors in the analysis.[4] Accordingly, the Court denies the First Motion to Stay.

---

[4] Nor is the Court persuaded that Defendants can meet their burden with respect to the other two factors. With respect to the second factor of whether there is a fair prospect that the Supreme Court will reverse the Sixth Circuit, Defendants start by pointing to a smattering of dissents and concurrences rather than binding Supreme Court decisions. (ECF No. 30, PageID.534–535.) They then cite to *Loper Bright*, discussed above, and *Viking River Cruises, Inc. v. Moriana*, 596 U.S. 639 (2022), an opinion about the relationship between the FAA and California state law, which the Sixth Circuit cited in *Parker*. (ECF No. 30, PageID.535.) Defendants' other cursory arguments and citations also do not show that the Sixth Circuit panel in *Parker* failed to give adequate consideration to the relevant caselaw such that there is fair prospect of reversal. (*Id.* at PageID.535–536.) The fact that most circuits have reached conclusions similar to the Sixth Circuit in *Parker* further reinforces the inadequacy of Defendants' assertions and the lack of a prospect that the Supreme

## III.   Second Motion to Stay

Defendants' Second Motion to Stay asks the Court to stay discovery pending a ruling on Defendants' motion to dismiss. (ECF No. 42, PageID.617.) Plaintiffs responded to oppose the Second Motion to Stay. (ECF No. 45.) Defendants replied. (ECF No. 46.)

The Sixth Circuit instructs: "trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined. Limitations on pretrial discovery are appropriate where claims may be dismissed based on legal determinations that could not have been altered by any further discovery." *Gettings v. Bldg. Laborers Loc. 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (cleaned up). However, in general "the filing of a dispositive motion is insufficient to warrant a stay of discovery."

---

Court will reverse. With respect to the third factor of irreparable harm, the Court notes that Defendants fail to reply to Plaintiffs' argument regarding the third factor that "Defendants failed to properly amend the 401(k) Plans at issue to add an arbitration clause, so there is not even a valid and enforceable basis for compelling arbitration in the first instance." (ECF No. 43, PageID.636.) The concurrence in *Parker* raises this issue and suggests the Sixth Circuit should likely have affirmed the rejection of Defendants' arguments on this basis. *Parker*, 114 F.4th at 802–03 (McKeague, J., concurring). At any rate, Defendants' failure with respect to the first factor is sufficient to deny the First Motion for a Stay. These concerns about the second and third factors only reinforce the Court's decision to deny the motion.

*Wilson v. McDonald's Corp.*, No. 14-11082, 2015 WL 13047572, at *3

(E.D. Mich. Apr. 28, 2015).

> To determine whether a stay is appropriate,
>
> the Court is required to weigh the burden of proceeding with
> discovery upon the party from whom discovery is sought
> against the hardship which would be worked by a denial of
> discovery. Additionally, the Court is required to take into
> account any societal interests which are implicated by either
> proceeding or postponing discovery.

*Williamson v. Recovery Ltd. P'ship*, No. 2:06-CV-0292, 2010 WL 546349,

at *1 (S.D. Ohio Feb. 10, 2010). In considering a motion to stay, "a court

must tread carefully . . ., since a party has a right to a determination of

its rights and liabilities without undue delay." *Ohio Env't Council v. U.S.

Dist. Ct., S.D. Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977).

Furthermore,

> unless the motion [to dismiss] raises an issue such as
> immunity from suit, which would be substantially vitiated
> absent a stay, or unless it is patent that the case lacks merit
> and will almost certainly be dismissed, a stay should not
> ordinarily be granted to a party who has filed a garden-variety
> Rule 12(b)(6) motion.

*Williamson*, 2010 WL 546349, at *2. The party requesting a stay bears

the burden to "to show that there is pressing need for delay, and that

12

neither the other party nor the public will suffer harm from entry of the order." *Ohio Env't Council*, 565 F.2d at 396.

Defendants assert that their motion to dismiss is "potentially dispositive" and "will be based on legal determinations" that would not be more easily resolved after discovery is conducted. (ECF No. 42, PageID.619.) They argue that such a stay will therefore conserve the Court's resources and further judicial economy. (*Id.* at PageID.620.) Plaintiffs respond that such stays are not granted as a matter of course and are, in fact, disfavored. (ECF No. 45, PageID.654–655.) They add that Defendants are "silent as to whether they would be subject to any unnecessary or undue burden if they were required to proceed with discovery" whereas Plaintiffs assert they would be burdened by further delay of discovery. (*Id.* at PageID.655–657.)

Defendants do not establish that their motion to dismiss falls outside the category of a "a garden-variety Rule 12(b)(6) motion." *Williamson*, 2010 WL 546349, at *2. Their motion to dismiss does not hinge on issues like immunity or the statute of limitations, which can sometimes justify a stay. *Id.*; *see also Baker v. Swift Pork Co.*, No. 3:15–CV–663, 2015 WL 6964702, at *1 (W.D. Ky. Nov. 10, 2015). Nor do

13

Defendants argue—let alone establish—that Plaintiffs' suit is patently without merit. *Williamson*, 2010 WL 546349, at *2. Further, Defendants' assertion that granting their motion will conserve resources and promote "judicial economy," (ECF No. 42, PageID.620), is precisely the sort of claim that courts have repeatedly rejected as insufficient to meet the burden of a party requesting a stay. *See, e.g.*, *EC New Vision Ohio, LLC v. Genoa Twp.*, No. 2:23-cv-691, 2023 WL 4491768, at *1–2 (S.D. Ohio July 12, 2023); *Baker*, 2015 WL 6964702, at *1. Defendants do not establish that there is a pressing need to delay discovery and to prevent Plaintiffs from commencing what they insist will not be an overly burdensome amount of discovery. (ECF No. 45, PageID.657.) They have not met their burden of demonstrating that a stay is warranted. Accordingly, the Second Motion for a Stay is denied.

## IV.   Conclusion

For the reasons set forth above, the Court DENIES Defendants' Motion to Stay Pending Order on Petition for Writ of Certiorari, (ECF No. 30), and DENIES Defendants' Motion to Stay Discovery Pending a Ruling on Defendants' Motion to Dismiss Plaintiffs' Amended Complaint. (ECF No. 42.)

14

IT IS SO ORDERED.

Dated: December 6, 2024          s/Judith E. Levy
Ann Arbor, Michigan              JUDITH E. LEVY
                                 United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 6, 2024.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager

15