# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

Tanika Parker, et al.,

|  |  |
|---|---|
| Plaintiffs, | Case No. 23-cv-10816 |
| v. | Judith E. Levy<br>United States District Judge |
| Tenneco Inc., et al., | |
| Defendants. | Mag. Judge Kimberly G. Altman |

_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT [55] AND DENYING AS MOOT DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT [41]**

Before the Court is Plaintiffs' Motion for Leave to File Second Amended Complaint, (ECF No. 55), and Defendants' Motion to Dismiss Plaintiffs' Amended Complaint. (ECF No. 41.) For the reasons set forth below, Plaintiffs' Motion for Leave to File Second Amended Complaint is granted in part and denied in part, and Defendants' Motion to Dismiss Plaintiffs' Amended Complaint is denied as moot.

## I.     Background

On behalf of the DRiV 401(k) Retirement Savings Plan (the "DRiV Plan") and the Tenneco 401(k) Investment Plan (the "Tenneco Plan") (collectively "the Plans"), themselves, and all others similarly situated, Plaintiffs brought a proposed class action against Tenneco Inc., DRiV Automotive, Inc., Tenneco Automotive Operating Company Inc., Federal-Mogul Corporation, Federal-Mogul LLC, Federal-Mogul Powertrain LLC, the Tenneco Benefits Committee, and Tenneco Benefits & Pension Investment Committee, as well as unnamed individuals, (collectively, "Defendants") under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). (ECF No. 2.) The lawsuit was transferred to the Court from the United States District Court for the Eastern District of Arkansas. (*Id.*) Before the transfer, Plaintiffs amended their complaint. (*Id.*)

Defendants moved to compel individual arbitration, (ECF No. 9), which was fully briefed, (ECF Nos. 15, 16, 20) and ultimately denied. (ECF No. 22.) Defendants filed an interlocutory appeal, and the Court stayed the case during the pendency of the appeal. (ECF No. 25). The Sixth Circuit affirmed the denial of Defendants' motion to compel

individual arbitration. *Parker v. Tenneco, Inc.*, 114 F.4th 786 (6th Cir. 2024). The case was reassigned to the undersigned on September 16, 2024, (ECF No. 29), and the Court lifted the stay on October 10, 2024. Defendants then sought another stay based on their then-pending petition for a writ of certiorari to the United States Supreme Court. (ECF No. 30.) They also filed a motion to dismiss, (ECF No. 41), in addition to seeking a stay based on the motion to dismiss. (ECF No. 42.) The Court denied Defendants' motions seeking a stay. (ECF No. 50.) The United States Supreme Court denied Defendants' petition for a writ of certiorari. (ECF No. 54.)

Plaintiffs subsequently filed their motion for leave to file a second amended complaint. (ECF No. 55.) Defendants responded, (ECF No. 57), and Plaintiffs replied. (ECF No. 59.)[1]

## II.   Legal Standard

A party seeking to amend its complaint, when such an amendment would not be permitted as a matter of course, "may amend its pleading only with the opposing party's written consent or the court's leave. The

---

[1] Plaintiff filed a submission styled as a supplemental brief that seeks to add details to the proposed second amended complaint that is at issue in this opinion and order. (ECF No. 63.) The Court will address that submission in a separate order.

court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave should be denied where the amendment demonstrates defects such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Brown v. Chapman*, 814 F.3d 436, 443 (6th Cir. 2016) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Parchman v. SLM Corp.*, 896 F.3d 728, 738 (6th Cir. 2018) (quoting *Beydoun v. Sessions*, 871 F.3d 459, 469 (6th Cir. 2017)). Motions to amend should be denied if they are "*clearly* futile." *Thompson v. Poindexter*, 798 F.2d 471, 1986 WL 17207, at *1 (6th Cir. 1986) (unpublished table decision) (emphasis added); 6 Wright & Miller, Federal Practice and Procedure § 1487 (3d ed. 2024) ("If a proposed amendment is not clearly futile, then denial of leave to amend is improper."). "To deny a motion to amend, a court must find 'at least some significant showing of prejudice to the opponent.'" *Ziegler v. Aukerman*, 512 F.3d 777, 786 (6th Cir. 2008) (quoting *Moore v. City of Paducah,* 790 F.2d 557, 562 (6th Cir. 1986)).

4

### III. The Motion for Leave to File Second Amended Complaint

Plaintiffs seek leave to amend "to bring the factual allegations and claims up to date and amend and expand upon them based on new information learned since Plaintiffs filed their last pleading in a different court over two years ago, and to provide additional and more-specific allegations to address alleged technical deficiencies." (ECF No. 55, PageID.737.) Defendants oppose Plaintiffs' request, arguing that amendment would be futile, because the proposed second amended complaint ("SAC") (1) [] violates the pleading requirements of Rules 8 and 10; (2) [] rests on conclusory allegations and a formulaic recitation of the elements in violation of the *Iqbal/Twombly* pleading standards; and (3) [] seeks to add certain claims that are time-barred. (ECF No. 57, PageID.1038.)

These arguments related to futility are the sole basis Defendants present for denying leave to amend. Plaintiffs explain why none of the other reasons to deny leave to amend apply. (ECF No. 55, PageID.744–746.) They assert that since they last amended their complaint,

> numerous new events have occurred that . . . support Plaintiffs' claims, Plaintiffs' damages have continued to accrue, and Plaintiffs learned additional information

requiring Plaintiffs to amend their pleading to add new allegations, amend allegations to conform to the evidence, state the identity of additional and previously referenced 'Doe' Defendants, and add additional claims.

(*Id.* at PageID.741–742 (footnote omitted).) The only contested issue related to granting leave to amend is whether amendment would be futile. The Court finds that while allowing some of the amendments in the proposed SAC would be futile, granting leave to file other portions would not be futile. It therefore holds that leave to amend should be granted in part and denied in part.

### A.    Federal Rule of Civil Procedure 8

Defendants assert that Plaintiffs' proposed SAC would be futile because it violates Federal Rule of Civil Procedure 8. Rule 8 requires a "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Defendants note that the proposed SAC is long. (*See, e.g.*, ECF No. 57, PageID.1038.) That is not a basis for denying a request to amend a complaint as futile. *Gant v. Ford Motor Co.*, 517 F. Supp. 3d 707, 714 (E.D. Mich. 2021) (citing *Ciralsky v. CIA*, 355 F.3d 661, 670 (D.C. Cir. 2004)) (noting that "page count alone is not cause for granting a motion

6

to dismiss" and that "Rule 8 requires statements, not entire complaints to be short and plain").

They also argue that the proposed SAC fails to connect the facts it asserts with the causes of action it alleges and, as a result, it does not provide adequate notice to Defendants. (ECF No. 57, PageID.1039–1040.) Specifically, Defendants argue that the proposed SAC "lumps all of the Current and Proposed Defendants together and asserts every claim against every Defendant," constituting what Defendants refer to as impermissible "shotgun pleading." (*Id.*)

To comply with Rule 8, a plaintiff must "connect specific facts or events with the various causes of action . . . asserted." *Lee v. Ohio Educ. Ass'n*, 951 F.3d 386, 392 (6th Cir. 2020) (quoting *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 947 (7th Cir. 2013)). A complaint violates Rule 8 if it is not possible to know which factual allegations support which claims for relief. *Arnold v. CooperSurgical, Inc.*, 681 F. Supp. 3d 803, 824 (S.D. Ohio 2023) (collecting cases). Combining counts against defendants is consistent with Rule 8 if enough "factual matter" is asserted "to provide the defendants with notice of the claims against them and the grounds upon which the claims rest," including by stating facts unique to each

7

count. *Rios v. Tower Hill Specialty Grp., LLC*, No. 1:20-cv-238, 2022 WL 980752, at *3 (S.D. Ohio Mar. 31, 2022).

Plaintiffs acknowledge that they "allege[] each claim against each Defendant." (ECF No. 59, PageID.1061.) Defendants agree, asserting that "all of the claims contained in the Proposed SAC are asserted against every Defendant."[2] (ECF No. 57, PageID.1040 n.3.) This agreement about what is being alleged supports the conclusion that—as a general matter—Defendants have adequate notice of the claims against them. Plaintiffs argue that alleging all claims against all Defendants is necessary because the available evidence demonstrates that there are "conflicting and 'intertwined business relationships' among Plan fiduciaries." (ECF No. 59, PageID.1061 (quoting *Arnold*, 681 F. Supp. at 825).) They set forth ten "claims for relief." (ECF No. 55-2, PageID.864–881.) Each claim encompasses unique facts, as Plaintiffs point out. (ECF No. 59, PageID.1058–1059 (connecting the factual allegations to the

---

[2] Defendants also state that some of the terms used in the proposed SAC are undefined. (ECF No. 57, PageID.1039 n.3.) Because, as set forth above, the parties do not disagree about how to construe those terms and Defendants do not otherwise establish why any lack of clarity with respect to those terms warrants dismissal under Rule 12(b)(6), these assertions about the failure to define terms do not render the proposed SAC futile.

claims made in the proposed SAC).) Accordingly, except as set forth below, the proposed SAC provides Defendants adequate notice and is consistent with Rule 8.

### B.   Federal Rule of Civil Procedure 10

Defendants also assert that Plaintiffs' proposed SAC would be futile, because it violates Federal Rule of Civil Procedure 10. Rule 10 states, in relevant part:

> (b) Paragraphs; Separate Statements. A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count[.]

> (c) Adoption by Reference; Exhibits. A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion. . . .

Fed. R. Civ. P. 10.

Defendants argue that Plaintiffs' proposed SAC is futile because some of Plaintiffs' claims for relief contain separate claims under a single heading. (ECF No. 57, PageID.1041.) But Plaintiffs' presentation of their claims in the proposed SAC does not create any clarity issues under Rule 10 that render amendment futile. Plaintiffs do not, for instance, adopt

9

the approach the Sixth Circuit rejected in *Lee*, where a plaintiff crammed "all seven of her state-law causes of action . . . within a single sentence." 951 F.3d at 392. Nor does Plaintiffs' approach create obvious incoherence or legal impropriety in her claims. *See Banks v. Bosch Rexroth Corp.*, No. 5:12–345, 2014 WL 868118, at *7 (E.D. Ky. Mar. 5, 2024) (requiring a more definite statement of a complaint that grouped defendants together and, as a result, appeared to assert that the defendants "negligently hired, trained, supervised, and retained themselves," in addition to making "legally improper claims"). The decision about whether to permit a plaintiff to amend a complaint should not be based on "the technicalities of pleadings" as opposed to substantive concerns such as prejudice to parties. *See Moore*, 790 F.2d at 559 (citing *Tefft v. Seward,* 689 F.2d 637, 639 (6th Cir. 1982)). Defendants' objections related to how claims are grouped under particular counts do not create prejudice or raise issues related to lack of notice and do not rise to a level that would warrant dismissal. Accordingly, this objection based on the way claims are grouped fails.

Defendants also argue that Plaintiffs' proposed SAC is futile, because it realleges and incorporates the allegations in the proposed SAC

in each of Plaintiffs' claims. (ECF No. 57, PageID.1039–1040.) Courts have rejected the argument that this "common pleading practice" is inconsistent with Rule 10. *GS Holistic, LLC v. Wireless & Smoke LLC*, No. 23-cv-748, 2024 WL 4441736, at *2 n.1 (S.D. Ohio Oct. 8, 2024) (agreeing with a magistrate judge that this practice is common and consistent with Rule 10). Accordingly, Defendants do not present a basis to deny the motion for leave to file an amended complaint under Rule 10.

### C. *Iqbal* and *Twombly*

Defendants also assert that the proposed SAC "fails to comply with the pleading requirements of *Iqbal/Twombly* because it rests largely on conclusory allegations and a formulaic recitation of the elements of the claims asserted without explaining the factual underpinnings of the claim or the application of the claim elements to each Defendant." (ECF No. 57, PageID.1041–1042.) The standard set forth by *Iqbal* and *Twombly* is that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff's claim is facially plausible "when the plaintiff pleads factual content that allows the court

11

to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

Defendants object to four parts of the proposed SAC that they contend run afoul of the standard set forth above:

1. the proposed SAC does not provide the factual basis for Plaintiffs' claim that all Defendants "were fiduciaries of both the DRiV and Tenneco Plans," (ECF No. 57, PageID.1042);

2. some of the claims for relief in the proposed SAC recite the elements of co-fiduciary liability without explaining how each Defendant is liable as a co-fiduciary, (*Id.* at PageID.1043–1044);

3. the claims for breach of duty to monitor fail to identify which Defendants failed to monitor which other Defendants, (*Id.* at PageID.1044–1045); and

4. the claims related to forfeited employer contributions are not supported by factual allegations related to each Defendant, (*Id.* at PageID.1045).

Plaintiffs respond that their claims are all supported by specific facts such that granting leave to amend is appropriate. (ECF No. 59, PageID.1061.)

### 1. *Fiduciary Status*

Allegations in the proposed SAC about certain proposed Defendants being fiduciaries under ERISA are inadequate such that they are futile. That is not true for all Defendants that Plaintiffs propose to add, however.

Courts have held that being named as a plan administrator and signing a plan's Form 5500, which is a disclosure filed with the Department of Labor, is not sufficient on its own to establish that an individual is a fiduciary under ERISA. *Humphries v. Mitsubishi Chem. Am., Inc.*, No. 23-cv-06214, 2024 WL 4711296 at *11 (Nov. 7, 2024 S.D.N.Y.). With respect to Lynette Vollink and Jeff Bowen, for instance, Plaintiffs only allege that they signed a Form 5500 as plan administrator. (ECF No. 55-2, PageID.766, 772.) The Sixth Circuit has set forth that the definition of fiduciary is a "functional one" that is

> intended to be broader than the common law definition, and does not turn on formal designations such as who is the trustee. . . . It includes anyone who "exercises any discretionary authority or discretionary control respecting

> management of [the] plan or exercises *any authority or control* respecting management or disposition of its assets." 29 U.S.C. § 1002(21)(A)(i) (emphasis added).

*Smith v. Provident Bank*, 170 F.3d 609, 613 (6th Cir. 1999). Plaintiffs' pleadings do not meet this standard with respect to Vollink and Bowen. Plaintiffs' motion for leave to amend is denied with respect to Vollink and Bowen who are named as Defendants based solely on the allegation that they signed a Form 5500.

In contrast, Plaintiffs plead facts beyond signing Form 5500 with respect to other Defendants in the proposed SAC. (ECF No. 55-2, PageID.763–775 (discussing named fiduciaries, as well as individuals and entities responsible for exercising control over investments and plan amendments, monitoring plans, constituting and monitoring committees formed to exercise control over plans, and performing other relevant functions).) As a general matter, then, the proposed SAC is not futile due to a failure to plead sufficient factual matter to support the fiduciary status of newly added Defendants.

Defendants point out that the proposed SAC does not set forth facts establishing that all Defendants are "fiduciaries of *both* the DRiV and Tenneco Plans," however. (ECF No. 57, PageID.1042 (emphasis added).)

The proposed SAC alleges that all Defendants are fiduciaries of the DRiV Plan, (ECF No. 55-2, PageID.864), and the Tenneco Plan. (*Id.* at PageID.867.) There are several Defendants Plaintiffs refer to in the proposed SAC as the Federal-Mogul Defendants. (*Id.* at PageID.771–773 (discussing "Federal-Mogul Corporation, Federal-Mogul LLC, Federal-Mogul Powertrain LLC, their prior owners, and their officers and agents that were fiduciaries of the Tenneco Plan").) Plaintiffs assert that these Defendants had a role in the Tenneco Plan, but nowhere do they explain how the Federal-Mogul Defendants are fiduciaries with respect to the DRiV Plan. (*Id.*) The proposed SAC does not allege facts to support the claim that every Defendant, including the Federal-Mogul Defendants, are fiduciaries with respect to the DRiV Plan. Plaintiffs' motion for leave to amend is therefore denied as futile with respect to the assertion that Federal-Mogul Defendants are fiduciaries of the DRiV Plan. With respect to the first and second claims for relief, Plaintiffs must—based on the facts they allege in the proposed SAC—enumerate which Defendants are fiduciaries with respect to each Plan. *See Twombly*, 550 U.S. at 55 (holding that a complaint must set forth the grounds that entitle a plaintiff to relief with respect to a defendant).

15

### 2. *Co-Fiduciary Liability*

Defendants also argue that the proposed SAC is inadequate because it recites the elements of co-fiduciary liability under ERISA without providing a factual basis for such liability. (ECF No. 57, PageID.1043–1044.) ERISA imposes liability on co-fiduciaries:

> a fiduciary with respect to a plan shall be liable for a breach of fiduciary responsibility of another fiduciary with respect to the same plan in the following circumstances:
>
> (1) if he participates knowingly in, or knowingly undertakes to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach;
>
> (2) if, by his failure to comply with section 1104(a)(1)[3] of this title in the administration of his specific responsibilities which give rise to his status as a fiduciary, he has enabled such other fiduciary to commit a breach; or
>
> (3) if he has knowledge of a breach by such other fiduciary, unless he makes reasonable efforts under the circumstances to remedy the breach.

29 U.S.C. § 1105(a). Defendants argue that the first, second, fifth, and sixth claims for relief include allegations that Defendants have co-fiduciary liability for certain breaches of duties under ERISA, which are not supported by sufficient factual allegations. (ECF No. 57,

---

[3] 29 U.S.C. § 1104(a)(1) (setting forth fiduciary duties under ERISA).

PageID.1043–1044.) Plaintiffs do not offer specific citations to factual allegations about co-fiduciary liability in response, but instead assert that their factual assertions are adequate to support the breaches of duty they allege. (ECF No. 59, PageID.1062.)

The proposed SAC alleges various conduct by Defendants that Plaintiffs assert lacks any reasonable or prudent justification. (*See, e.g.*, ECF No. 55-2, PageID.814.) It does not, however, make specific factual assertions about knowing participation or concealment of other fiduciaries' conduct, failures that enable other fiduciaries' breaches, or knowledge of another fiduciaries' breach that Defendants made no reasonable effort to remedy. 29 U.S.C. § 1105(a); *see also Patterson v. United HealthCare Ins. Co.*, 76 F.4th 487, 500 (6th Cir. 2023) (summarizing the types of liability for co-fiduciaries under 29 U.S.C. § 1105(a)). The proposed SAC therefore fails to state a claim for relief based on co-fiduciary liability beyond reciting the elements of such a claim. Accordingly, Plaintiffs' motion for leave to amend is denied with respect to the claims regarding co-fiduciary liability.

### 3.   *Failure to Adequately Monitor*

Defendants further argue that—with respect to the claims about failure to adequately monitor other fiduciaries—the proposed SAC fails to identify "which Defendants had a fiduciary duty to monitor which other Defendants, when and how the alleged fiduciary duty arose, or how each Defendant violated his or her duty to monitor the other (unidentified) Defendants." (ECF No. 57, PageID.1045.) These allegations of failure to monitor claims arise under 29 U.S.C. § 1105(a) and are a form of co-fiduciary liability. *See Saumer v. Cliffs Natural Res. Inc.*, No. 1:15-cv-954, 2016 WL 8668509, at *8 (N.D. Ohio Apr. 1, 2016).

The proposed SAC fails to identify which Defendants breached the obligation to monitor other fiduciaries, in addition to failing to allege which fiduciaries they were obligated to monitor. For example, it refers to "certain Defendants [who] appointed, oversaw, and/or had a duty to monitor certain other Defendants and ensure that they were adequately performing their fiduciary obligations, and to take prompt and effective action to protect the DRiV Plan in the event these other Defendants were not fulfilling those duties." (ECF No. 55-2, PageID.870.) It goes on to make several allegations against "[o]ne or more of these Defendants." (*Id.* at PageID.870–871.)

18

Plaintiffs present their third and fourth claims for relief against an indeterminate subset of Defendants. That is, Plaintiffs do not allege *which* Defendants breached the duty to monitor and therefore do not specify against whom they assert their claims. As a result, these claims do not include "sufficient factual matter" to survive a motion to dismiss. *Iqbal*, 556 U.S. at 677; *see also Meizbov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005) (citing *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir. 1988)) ("a complaint must contain either direct or inferential allegations respecting all the material elements [of its claims] to sustain a recovery under some viable legal theory"). At best, such an allegation asserts a "mere possibility" that any given Defendant breached their duty to monitor, which is insufficient to state a claim. *See Iqbal*, 556 U.S. at 679. Accordingly, Plaintiffs' motion for leave to amend is denied with respect to the claims regarding failure to monitor other fiduciaries.

### 4.   *Forfeited Employer Contributions*

Defendants also object to Plaintiffs' seventh and eighth claims, which relate to the use of forfeited employer contributions. They argue that the proposed SAC fails to allege sufficient factual allegations to support such claims. (ECF No. 57, PageID.1045.)

Plan participants forfeit their plan contributions when they end their employment before they are fully vested. (ECF No. 55-2, PageID.850.) According to the proposed SAC, Defendants exercised their discretion as fiduciaries to use forfeited contributions to reduce company contributions rather than to reduce administrative expenses borne by plan participants, which violated Defendants' fiduciary duties. (*Id.* at PageID.849–858.) Plaintiffs include specific dollar amounts that they argue could have been used to benefit plan participants' interests rather than benefitting company interests. (*Id.* at PageID.852, 857.) The proposed SAC also asserts that the plan fiduciaries were company employees, which created a conflict of interest with respect to how to dispose of forfeited contributions. (*Id.* at PageID.852, 856.)

Defendants do not cite any authority to demonstrate that the allegations about forfeited contributions in the proposed SAC are inadequate. (*See* ECF No. 57, PageID.1045.) One court, evaluating similar claims about forfeited contributions, held that even though the facts in that complaint were "sparse" they supported a "reasonable inference" of misconduct such that the complaint could survive a motion to dismiss. *McManus v. Clorox Co.*, No. 4:23-cv-05325, 2025 WL 732087,

at *3–4 (N.D. Cal. Mar. 3, 2025). Like the complaint in *McManus*, the proposed SAC includes far more than "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. As set forth above, the factual assertions about forfeited contributions are sufficient at this stage. Accordingly, the Court rejects Defendants' argument that Plaintiff's claims related to forfeited contributions are futile.

### D.   Statute of Repose

Defendants argue the applicable statute of repose makes amendment futile. The statute of repose applicable to ERISA claims is six years. 29 U.S.C. § 1113 (precluding the filing of an action under ERISA "six years after . . . the date of the last action which constituted a part of the breach or violation"); *see also Dykema Excavators, Inc. v. Blue Cross & Blue Shield of Mich.*, 77 F. Supp. 3d 646, 655 (E.D. Mich. 2015). Defendants assert that "any claims asserted against any Proposed Defendant based on conduct that took place more than six years prior to the filing of any Second Amended Complaint would be futile because they would not survive a motion to dismiss." (ECF No. 57, PageID.1048.)

Plaintiffs reply that "a plaintiff generally need not plead the lack of affirmative defenses to state a valid claim." *Cataldo v. U.S. Steel Corp.*,

676 F.3d 542, 547 (6th Cir. 2012). However, if allegations in an amended complaint "affirmatively show that the claim is time-barred," then it would not survive a motion to dismiss and would therefore be futile. *Id.*; *Clabo v. Johnson & Johnson Health Care Sys., Inc.*, No. 3:19-cv-154, 2020 WL 60244, *4–5 (E.D. Tenn. Jan. 6, 2020). Courts have denied motions to amend as futile based on a statute of repose barring claims. *See Oakwood Hosp. & Med. Ctr. v. Goodwin Elecs.*, 183 F. Supp. 2d 936, 942 (E.D. Mich. 2001).

The question is therefore whether the face of the proposed SAC affirmatively shows that the claims are time-barred. Defendants argue that Plaintiffs' proposed class period attempts to hold Defendants liable for "conduct that allegedly took place on or after May 27, 2016." (ECF No. 57, PageID.1047.) That, Defendants argue, is problematic, in part because the proposed SAC adds new Defendants and attempts to hold them liable for conduct for which the statute of repose has run. (*Id.* at PageID.1048.) Although Federal Rule of Civil Procedure 15(c) allows amendments to pleadings to "relate[] back" to the date of the original pleading, Fed. R. Civ. P. 15(c), such relation back is not permitted with respect to the addition of an entirely new party. *See Asher v. Unarco*

*Material Handling, Inc.*, 596 F.3d 313, 318–19 (6th Cir. 2010); *United States ex rel. Statham Instruments v. W. Cas. & Sur. Co.*, 359 F.2d 521, 523 (6th Cir. 1966) ("The effect of Plaintiff's amendment is to add another party. This establishes a new and independent cause of action which cannot be maintained when the statute has run, for the amendment is one of substance rather than one of form and brings into being one not presently in court.").

Plaintiffs do not contest that ERISA's statute of repose applies, nor do they argue that their claims against Defendants added in the proposed SAC relate back to the original complaint, but they assert that the conduct underlying their new forfeiture claims "is ongoing." (ECF No. 59, PageID.1062; *see also* ECF No. 55-2, PageID.854 (stating that the allegations about forfeited contributions in the Tenneco Plan "are intended to apply to the entire Class Period and are ongoing").)

Even if Defendants are correct that ERISA's statute of repose creates issues as a result of Plaintiffs' framing of some of their claims in the proposed SAC, that would at most establish that there are issues with the scope of the claims rather than that they are entirely futile. Because Defendants only appear to be objecting to the scope of Plaintiffs' claims,

23

amendment is not "clearly futile." *Thompson*, 1986 WL 17207, at *1. As one court has explained, "[t]he proper vehicle [for a court] to address an amendment that is subject to dismissal—but not *clearly* so—is a standalone motion to dismiss, rather than a motion for leave to amend a complaint." *United States ex rel. Griffith v. Conn*, No. 11-157, 2015 WL 8682294, at *3 (E.D. Ky. Dec. 11, 2015) (emphasis in original). At this stage, Defendants' arguments related to the statute of repose do not offer a basis to deny leave to amend.

### E.    Conclusion

Accordingly, Plaintiffs' Motion for Leave to File Second Amended Complaint is granted in part and denied in part. Plaintiffs may file the proposed SAC with the exclusion of

1. any of Plaintiffs' claims that rely on asserting that Defendants have fiduciary status solely because they signed Form 5500s, such as their claims regarding Lynette Vollink and Jeff Bowen;

2. any of Plaintiffs' claims that rely on the assertion that the Federal-Mogul Defendants are fiduciaries with respect to the DRiV Plan;

3. Plaintiffs' allegations in the first, second, fifth, and sixth claims that Defendants are liable as co-fiduciaries; and

24

4. Plaintiffs' third and fourth claims, which assert a failure to adequately monitor.

As set forth above, these claims are futile, because they would be unable to survive a motion to dismiss. The remaining proposed amendments are permitted subject to the conditions set forth above. Plaintiff must file an amended complaint that comports with this order within 14 days of its entry.

## IV.    The Motion to Dismiss

Defendants' Motion to Dismiss Plaintiffs' Amended Complaint is currently pending before the Court. (ECF No. 41.) Because the Court grants in part Plaintiffs' Motion for Leave to File Second Amended Complaint, it denies Defendants' motion to dismiss as moot. "[A]n amended complaint [supersedes] all prior complaints." *Drake v. City of Detroit*, 266 F. App'x 444, 448 (6th Cir. 2008). "[M]otions directed at [a] superseded pleading," such as Defendants' pending motion to dismiss, "generally are to be denied as moot." *Nails v. RPI-Section 8 Hous.*, No. 2:17-cv-13702, 2019 WL 1112381, at *4 (E.D. Mich. Mar. 11, 2019) (internal quotation marks omitted) (quoting *Heard v. Strange*, No. 2:17-cv-13904, 2018 WL 4189652, at *2 (E.D. Mich. June 21, 2018), *report and*

*recommendation adopted*, 2018 WL 4184633 (E.D. Mich. Aug. 31, 2018));

*see also Braden v. United States*, 817 F.3d 926, 930 (6th Cir. 2016) ("An

amended pleading supersedes a former pleading if the amended pleading

is complete in itself and does not refer to or adopt a former pleading."

(internal quotation marks and citation omitted)). Accordingly,

Defendants' Motion to Dismiss is denied as moot.

## V.    Conclusion

For the reasons set forth above, the Court GRANTS IN PART and

DENIES IN PART Plaintiffs' Motion for Leave to File Second Amended

Complaint. (ECF No. 55.) Plaintiffs are ORDERED to file a second

amended complaint that comports with this order within 14 days of its

entry.

Defendants' Motion to Dismiss Plaintiffs' Amended Complaint is

DENIED AS MOOT. (ECF No. 41.)

IT IS SO ORDERED.

Dated: April 22, 2025                    s/Judith E. Levy
Ann Arbor, Michigan                      JUDITH E. LEVY
                                         United States District Judge

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 22, 2025.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager
