**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Tanika Parker, *et al.*,

Plaintiffs,

v.

Tenneco Inc., *et al.*,

Defendants.

______________________________/

Case No. 23-10816

Judith E. Levy
United States District Judge

Mag. Judge Kimberly G. Altman

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO ALLOW ALTERNATIVE SERVICE AND TO EXTEND THE SERVICE DEADLINE [172]**

Plaintiffs Tanika Parker and Andrew Farrier bring this proposed class action pursuant to the Employee Retirement Income Security Act of 1974 "on behalf of the DRiV 401(k) Retirement Savings Plan (the 'DRiV Plan') and the Tenneco 401(k) Investment Plan (the 'Tenneco Plan') . . . , themselves, and all others similarly situated." (ECF No. 97, PageID.4082.) Plaintiffs sue "the fiduciaries of the DRiV Plan and the Tenneco Plan." (*Id.*) Before the Court is Plaintiffs' motion to allow alternative service and to extend the service deadline for three

Defendants: Jennifer (Zhenfang) Lou, John Stroup, and Jerome Rouquet. (ECF No. 172.) The motion states that "Defendants[ ] oppose the requested relief." (*Id.* at PageID.4764.) Yet a response to the motion was not filed. For the reasons set forth below, Plaintiffs' motion is GRANTED IN PART AND DENIED IN PART.

## I. Plaintiffs' Request for Alternative Service

On April 10, 2026, Plaintiffs filed a third amended complaint that added thirty-six Defendants, including Lou, Stroup, and Rouquet. (ECF No. 97.) Summonses were issued for the newly added Defendants on June 1, 2026. (ECF No. 104.) In their motion, Plaintiffs seek permission to serve Lou by first-class mail and to serve Stroup and Rouquet by first-class mail and by tacking.

Federal Rule of Civil Procedure 4(e) states that

> an individual . . . may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
> (A) delivering a copy of the summons and of the complaint to the individual personally;

> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

In Michigan, service of process is governed by Michigan Court Rule 2.105.[1] That rule provides that

> [p]rocess may be served on a resident or nonresident individual by
>
> (1) delivering a summons and a copy of the complaint to the defendant personally; or
>
> (2) sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee. Service is made when the defendant acknowledges receipt of the mail. A copy of the return receipt signed by the defendant must be attached to proof showing service under subrule (A)(2).

Mich. Ct. R. 2.105(A).

---

[1] The Court considers Michigan law in deciding Plaintiffs' motion because the Court is located in Michigan. *See* Fed. R. Civ. P. 4(e)(1). Moreover, Plaintiffs reference Michigan law in their motion. (*See* ECF No. 172, PageID.4756–4757.)

Under Michigan Court Rule 2.105(J), the court may allow substituted service in certain circumstances. Rule 2.105(J) states:

> (1) On a showing that service of process cannot reasonably be made as provided by this rule, the court may by order permit service of process to be made in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard.
>
> (2) A request for an order under the rule must be made in a verified motion dated not more than 14 days before it is filed. The motion must set forth sufficient facts to show that process cannot be served under this rule and must state the defendant's address or last known address, or that no address of the defendant is known. If the name or present address of the defendant is unknown, the moving party must set forth facts showing diligent inquiry to ascertain it. A hearing on the motion is not required unless the court so directs.
>
> (3) Service of process may not be made under this subrule before entry of the court's order permitting it.

Mich. Ct. R. 2.105(J).

Here, Plaintiffs filed the equivalent of a verified motion[2] that is dated not more than fourteen days before it was filed. Plaintiffs state that

[2] Under Michigan Court Rule 1.109(D)(3), a document "may be verified by . . . oath or affirmation of the party or of someone having knowledge of the facts stated." Mich. Ct. R. 1.109(D)(3). Plaintiffs' motion is verified, given that it is accompanied by: (1) a declaration signed by one of Plaintiffs' lawyers, attesting to Plaintiffs' efforts to identify addresses for Lou, Stroup, and Rouquet and to perfect service (ECF No. 172-1, PageID.4768–4773); and (2) affidavits of non-service of process signed by process

"through counsel, [they] searched multiple databases and sources to locate viable residential or work addresses for [Lou, Stroup, and Rouquet], including Lexis public-record searches, Google searches, LinkedIn profiles, and searching employer websites. This information was then used to make multiple attempts to serve Lou, Stroup, and Rouquet." (ECF No. 172, PageID.4758 (citing ECF No. 172-1, PageID.4768–4769).)

**A. Jennifer (Zhenfang) Lou**

For Lou, Plaintiffs attempted service via certified mail and personal service at "what appeared to be [her] residential address" in Minnesota; learned from the process server that she does not own the residence at that address; found a possible residential address for her in Illinois but discovered that the property was sold in April 2026; were unable to find a "reliable residential address for [her]"; and then found a work address for her: CNH Industrial America, LLC, 711 Jorie Boulevard, Oak Brook, IL 60523. (*Id.* at PageID.4758–4759 (citing ECF No. 172-1, PageID.4769–4770; ECF Nos. 172-2, 172-3, 172-4).) Plaintiffs attempted personal

servers. (ECF No. 172-3, PageID.4776; ECF No. 172-4, PageID.4777; ECF No. 172-9, PageID.4786; ECF No. 172-10, PageID.4787.)

service at Lou's work address. (*Id.*) The process server was "able to confirm that Lou worked at CNH"; however, the process server was told that she "was not in the office that day" and could not obtain further information. (*Id.* at PageID.4758–4759; ECF No. 172-1, PageID.4770; ECF No. 172-4.)

Plaintiffs ask the Court to allow them to serve Lou via first-class mail to her work address. (ECF No. 172, PageID.4762.) But Plaintiffs have not shown that service cannot reasonably be made on Lou at that address in the ways provided by Michigan Court Rule 2.105. Plaintiffs made a single attempt to effectuate personal service at Lou's work address.[3] Though Plaintiffs have made more than one service attempt in total, Plaintiffs have not attempted service via "sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee" to Lou's work address, as permitted by Michigan Court Rule 2.105(A)(2). *See Abbott v. Rechlin*, No. 2:23-cv-10962, 2023 WL 4747644, at *1 (E.D. Mich. July 25, 2023) (denying request for alternative service when plaintiffs attempted

---

[3] The Court recognizes that Plaintiffs attempted service by certified mail and by personal service at a residential address in Minnesota before attempting to serve Lou at her work address. (ECF No. 172, PageID.4758–4759.)

personal service one time but did not attempt service via certified or registered mail with return receipt requested). As a result, Plaintiffs do not demonstrate that the proposed form of alternative service is appropriate under Michigan Court Rule 2.105(J)(1). Plaintiffs' request for permission to serve Lou via first-class mail to her work address is therefore denied. Plaintiffs may renew their request for alternative service on Lou after they, at a minimum, (1) make one more attempt at personal service on Lou at her work address during regular business hours and (2) attempt to serve Lou by certified or registered mail with a return receipt requested and delivery restricted to Lou at her work address.

**B. John Stroup**

For Stroup, Plaintiffs attempted service by certified mail at "what appeared to be a residential address . . . at 4849 N Camelback Ridge Dr Unit B203, Scottdale, Arizona, 85251";[4] attempted personal service at that address on five different dates between July 31, 2026 and August 5,

[4] Plaintiffs indicate that the mailing was forwarded to a post office in Oregon and that an individual picked it up on June 29, 2026. (ECF No. 172, PageID.4759–4760; ECF No. 172-1, PageID.4770–4771; ECF No. 172-5, PageID.4778–4779.) "Plaintiffs' counsel never received receipt of delivery from the USPS [United States Postal Service]." (ECF No. 172, PageID.4760; ECF No. 172-1, PageID.4771.)

2026 and at various times of day; searched for and failed to find a business address for Stroup; and attempted personal service twice more at the Scottsdale address (once on September 3, 2026 at 7:40 p.m. and a second time on September 4, 2026 at 8:42 a.m.). (*Id.* at PageID.4759–4760; ECF No. 172-1, PageID.4770–4771; ECF Nos. 172-5, 172-6.)

Attached to Plaintiffs' motion is an email from Craig Podgurski at Arizona Quick Serve to "Nicole L. Powers" that provides the following information (presumably from the process server, Shakir Muwwakkil) regarding the first five attempts at personal service:

> 1) Unsuccessful Attempt: Jul 31, 2026, 1:06 pm MST at Home: 4849 N Camelback Ridge Rd Unit B203, Scottsdale, AZ 85251
>
> The property is in a gated community managed by a security officer. The building requires a key card for entry. The subjects [sic] name is on the directory. I tried to contact the subject through the directory, with no answer. I was unable to access the building.
>
> 2) Unsuccessful Attempt: Aug 1, 2026, 9:02 am MST at Home: 4849 N Camelback Ridge Rd Unit B203, Scottsdale, AZ 85251
>
> I was not able to gain access. The property is very secure.
>
> 3) Unsuccessful Attempt: Aug 3, 2026, 12:27 pm MST at Home: 4849 N Camelback Ridge Rd Unit B203, Scottsdale, AZ 85251
>
> There was no access available to the building.

> 4) Unsuccessful Attempt: Aug 4, 2026, 9:09 am MST at Home: 4849 N Camelback Ridge Rd Unit B203, Scottsdale, AZ 85251
>
> There was no access to the building. The front desk attendant denied access to the building. I tried contacting the subject through the directory call box, no one answered.
>
> 5) Unsuccessful Attempt: Aug 5, 2026, 8:45 pm MST at Home: 4849 N Camelback Ridge Rd Unit B203, Scottsdale, AZ 85251
>
> I was unable to gain access to the property.

(ECF No. 172-6, PageID.4780.) A different document attached to Plaintiff's motion appears to contain the following note from the process server's September 4, 2026 service attempt: "There was no answer at the address. I spoke with an on-site worker who doesn't recognize [the] name. I was told by staff that the subject could be a seasonal resident at the property." (ECF No. 172-7, PageID.4782.)

Plaintiffs have shown that that service of process cannot reasonably be made on Stroup as provided by Michigan Court Rule 2.105. Their attempt to serve Stroup by certified mail and their seven attempts to serve him personally were unsuccessful. Plaintiffs ask the Court to allow them to serve Stroup at the Scottsdale address by first-class mail and by tacking. (ECF No. 172, PageID.4762.) The Court will allow Plaintiffs to serve Stroup in the way that they propose—by first-class mail and by

tacking—with an additional requirement specified below.[5] "Tacking a copy of the summons and complaint to the door of the address of a defendant may be considered a 'manner reasonably calculated to give the defendant actual notice,' especially when accompanied by a mailing." *Macomb Interceptor Drain Drainage Dist. v. Kilpatrick*, No. 11-13101, 2011 WL 5599388, at *1 (E.D. Mich. Nov. 16, 2011) (first citing *Dehaan v. Tsarnas*, No. 289967, 2010 WL 2384921, at *4 (Mich. Ct. App. June 15, 2010) (per curiam); and then citing *Bennett v. Davidson*, No. 250694, 2005 WL 1123603, at *1 (Mich. Ct. App. May 12, 2005) (per curiam)). Plaintiffs' request for alternative service on Stroup at the Scottsdale address—2829 N. Camelback Ridge Dr., Unit B203, Scottsdale, AZ 85251—is thus granted. The Court requires, however, that if Plaintiffs elect to serve Stroup by mail and by tacking, Plaintiffs must send Stroup

[5] The Court has concerns as to whether the proposed method of service—service by mail and by tacking—is likely to give Stroup actual notice of the case. As noted above, the process server apparently was unable to access the property (ECF No. 172-6, PageID.4780) and was told Stroup "could be a seasonal resident of the property." (ECF No. 172-7, PageID.4782.) But the Court does not see a proposed method of service that would be *more* likely to give Stroup actual notice of the case. The Court therefore leaves it to Plaintiffs to carry out service in the ways they suggest.

a copy of the summons and the complaint[6] by both first-class and certified mail. *See Steele-El v. Valvoline Instant Oil Change*, No. 18-12277, 2019 WL 4640348, at *8–9 (E.D. Mich. Sep. 24, 2019) (allowing alternative service on an individual defendant at their home address by first-class mail, certified mail, and tacking). In other words, Plaintiffs must serve Stroup by (1) first-class mail, (2) certified mail, and (3) tacking.

**C. Jerome Rouquet**

For Rouquet, Plaintiffs attempted service by certified mail at "what appeared to be a residential address . . . at 26365 Normandy Rd, Franklin, Michigan, 48025";[7] made three personal service attempts at that address; and made two personal service attempts at a work address for Rouquet: "One Village Center Drive, Van Buren Township, Michigan, 48111." (ECF No. 172, PageID.4761; ECF No. 172-1, PageID.4771–4772;

[6] Plaintiffs propose alternative service by mailing and by tacking a copy of the summons—and not the complaint. Plaintiffs are required to serve both documents on each Defendant. *See* Fed. R. Civ. P. 4(c)(1) ("A summons must be served with a copy of the complaint.").

[7] Plaintiffs indicate that the United States Postal Service "tracking information showed that the summons was delivered and signed for on June 12, 2026; however, Plaintiffs' counsel never received receipt of delivery from USPS." (ECF No. 172, PageID.4761; ECF No. 172-1, PageID.4771–4772; ECF No. 172-8.)

ECF No. 172-8.) On one of the dates that the process server attempted service at the residential address, "the process server spoke with a woman who said Rouquet would be home during the evening. But when the process server attempted an evening visit the following day, the lights were on, but no one answered the door." (ECF No. 172, PageID.4761; ECF No. 172-1, PageID.4772; ECF No. 172-9, PageID.4786.) Moreover, at least one attempt to complete service at the work address failed "because all entry points required key card access." (ECF No. 172, PageID.4761; ECF No. 172-1, PageID.4772–4773; ECF Nos. 172-9, 172-10.)

In light of the above information, Plaintiffs make a sufficient showing that service upon Rouquet cannot reasonably be made by the prescribed means under Michigan Court Rule 2.105. Plaintiffs seek permission to serve Rouquet at the residential address by first-class mail and by tacking. (ECF No. 172, PageID.4762.) Plaintiffs demonstrate that service at the residential address via first-class mail and by tacking is "reasonably calculated to give [Rouquet] actual notice of the proceedings and an opportunity to be heard" under Michigan Court Rule 2.105(J)(1). During one of the process server's personal service attempts at that address, a woman apparently confirmed that Rouquet resides there.

(ECF No. 172, PageID.4761; ECF No. 172-1, PageID.4772; ECF No. 172-9, PageID.4786.) And as noted above, using a combination of service by first-class mail and by tacking can be considered "reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard." Mich. Ct. R. 2.105(J)(1); *see Macomb Interceptor Drain Drainage Dist.*, 2011 WL 5599388, at *1 (internal citations omitted). Therefore, Plaintiffs' request for alternative service upon Rouquet is granted. As with Stroup, however, the Court will require that if Plaintiffs elect to serve Rouquet by mail and by tacking, Plaintiffs must send Rouquet a copy of the summons and the complaint by both first-class and certified mail. *See Steele-El*, 2019 Wl 4640348, at *8–9. Therefore, Plaintiffs may serve Rouquet by sending a copy of the summons and the complaint via certified *and* first-class mail to 26365 Normandy Rd., Franklin, MI 48025, and by tacking those same documents to the door of that address. *See supra* note 6.

## II. Plaintiffs' Request to Extend the Service Deadline

Plaintiffs have made a showing of good cause to extend the service deadline. Federal Rule of Civil Procedure 4(m) provides that

> [i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after

> notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). "Generally, 'good cause' means 'a reasonable, diligent effort to timely effect service of process.'" *Johnson v. Smith*, 835 F. App'x 114, 115 (6th Cir. 2021) (quoting *Pearison v. Pinkerton's Inc.*, 90 F. App'x 811, 813 (6th Cir. 2004)). The facts presented in Plaintiffs' motion and the documents attached to it demonstrate that Plaintiffs have made a reasonable and diligent effort to complete service in a timely manner. (*See* ECF No. 172, PageID.4758–4763; ECF No. 172-1, PageID.4768–4773 (discussing Plaintiffs' service attempts).) Accordingly, the Court finds that Plaintiffs have shown good cause under Rule 4(m) and GRANTS Plaintiffs' request for an extension of the service deadline. The service deadline is extended to three weeks from the date of this order.

## III. Conclusion

For the reasons set forth above, Plaintiffs' motion to allow alternative service and to extend the service deadline as to Lou, Stroup, and Rouquet (ECF No. 172) is GRANTED IN PART AND DENIED IN PART.

Plaintiffs' request for alternative service on Lou is DENIED. Plaintiffs may renew their request for alternative service on Lou after they, at a minimum, (1) make one more attempt at personal service on Lou at her work address during regular business hours and (2) attempt to serve Lou by certified or registered mail with a return receipt requested and delivery restricted to Lou at her work address. Lou's work address is CNH Industrial America, LLC, 711 Jorie Boulevard, Oak Brook, IL 60523.

Plaintiffs' request for alternative service on Stroup is GRANTED. Plaintiffs may serve Stroup by sending a copy of the summons and the complaint by both first-class and certified mail to 2829 N. Camelback Ridge Dr., Unit B203, Scottsdale, AZ 85251 as well as by tacking a copy of the summons and the complaint to the door of that address.

Plaintiffs' request for alternative service on Rouquet is GRANTED. Plaintiffs may serve Rouquet by sending a copy of the summons and the complaint via both first-class and certified mail to 26365 Normandy Rd., Franklin, MI 48025 and by tacking those same documents to the door of that address.

Plaintiffs' request to extend the service deadline is GRANTED. The deadline for Plaintiffs to serve Lou, Stroup, and Rouquet is now three weeks from the date of this order. Plaintiffs must file proof of service on the docket for each Defendant and for each method of service used.

IT IS SO ORDERED.

Dated: November 10, 2026
Ann Arbor, Michigan

s/Judith E. Levy
JUDITH E. LEVY
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 10, 2026.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager